UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY JOSEPH, ET AL.                                    CIVIL ACTION

VERSUS                                                    NO. 11-122

STATE FARM MUTUAL AUTOMOBILE COMPANY         SECTION "L" (3)

ORDER AND REASONS

Currently pending before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 14). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

I.  BACKGROUND

This case arises out of an automobile insurance contract between Plaintiffs and Defendant State Farm Mutual Automobile Insurance Company. Plaintiffs leased a 2009 Infiniti FX35 which was insured by a policy issued by Defendant. On March 20, 2010, the vehicle was allegedly stolen from the vicinity of Touro Hospital in New Orleans, Louisiana. The vehicle was later found in Baton Rouge, burned to a total loss. Plaintiffs made a claim under the insurance policy for the value of the vehicle. Defendant denied the claim. Plaintiffs filed suit in Civil District Court for the Parish of Orleans seeking the full value of the vehicle under the policy, rental expenses, loss of use, and mental anguish, as well as penalties and attorneys' fees. Defendant timely removed to this Court and has answered, denying that the vehicle was the subject of a legitimate theft.

II. PRESENT MOTION

Plaintiffs now move to remand this action to state court. They contend that Defendant has not carried its burden to show that the amount in controversy exceeds $75,000. Defendant opposes remand, arguing that the value of the vehicle, combined with the other claimed elements

of damages, establish that the amount in controversy exceeds $75,000.

### III.     LAW AND ANALYSIS

#### A.     Standard on Motions to Remand

Diversity jurisdiction requires complete diversity of citizenship and more than $75,000 in controversy. 28 U.S.C. § 1332(a). "Louisiana prohibits plaintiffs from petitioning for a specific monetary amount" and the Fifth Circuit employs a specific framework for analyzing motions to remand to Louisiana state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* The defendant may satisfy its burden by either: (1) showing that it is facially apparent that the claim is likely to exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Id.* "Where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed $[75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id*.

If a defendant satisfies its burden, the district court has jurisdiction unless it is apparent to a legal certainty that the plaintiff's claim is actually for an amount of $75,000 or less. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Plaintiffs can show to a legal certainty that a claim is less than the jurisdictional amount by filing with their complaint a binding stipulation or affidavit "stating that they affirmatively seek less than the jurisdictional

threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Svc., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010); *Manguno*, 276 F.3d at 724; *De Aguilar*, 47 F.3d at 1412 & n.10.

### B. Facially Apparent

Defendant first argues that the amount in controversy is apparent from the face of the petition. As noted above, the petition seeks the full value of the vehicle; damages for loss of use, rental expenses, and mental anguish; penalties; and attorneys' fees. The original state-court petition does not state the value of the vehicle or plead any particular facts regarding the amount of damages for loss of use, rental expenses, or mental anguish. Taken as a whole, these allegations do not make the requisite amount in controversy facially apparent. This is not a personal injury case in which the Court can assess the nature and scope of alleged physical damage to determine whether the amount in controversy is facially present. *E.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Nor is this an insurance case where the petition itself discloses the limits of the policy and demands payment of the limits. *E.g.*, *Tureaud v. Markel Ins. Co.*, No. 10-1853, 2010 WL 3952276 (E.D. La. Oct. 7, 2010). The face of the petition is devoid of amounts or facts that would facially put $75,000 in controversy.

Instead of the factual allegations, Defendant relies on certain omissions to establish a facially apparent amount in controversy. Louisiana Code of Civil Procedure article 893 generally prohibits a plaintiff from stating a specific monetary sum sought, but requires a plaintiff to state that certain thresholds are or are not met:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises *except that if a specific amount of damages is necessary to establish* the jurisdiction of the court, the right to a jury trial, *the lack of jurisdiction of federal courts due to*

3

> *insufficiency of damages*, or for other purposes, *a general allegation that the claim exceeds or is less than the requisite amount is required.*

La. Code Civ. P. art. 893(A)(1) (emphasis added). Plaintiffs did not include a general allegation regarding the lack of federal jurisdiction. Therefore, Defendant argues, by failing to allege the absence of diversity jurisdiction as required by the Louisiana Code of Civil Procedure, Plaintiffs have effectively conceded that jurisdiction exists. Defendant articulated this argument in its notice of removal and reiterates it in opposing remand.

The Court has recently addressed the weight to be given to the absence of an allegation of the absence of federal jurisdiction under article 893, and concluded that it is simply a factor to be considered and is not dispositive of the jurisdictional question:

> The Fifth Circuit has not directly addressed whether the failure to include an Article 893 allegation in a petition is a factor to be considered for purposes of or is dispositive of the amount in controversy, but has held that an amount in controversy allegation under Article 893 can be defeated by a showing by the defendant that the jurisdictional amount is satisfied. *See In re 1994 Exxon Chem. Fire.*, 558 F.3d 378, 388 (5th Cir. 2009). Notably, all three district courts within Louisiana have addressed the issue, and for the most part consistently recognize "that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy," but that this omission is entitled to some consideration in the jurisdictional amount inquiry. *See Ford v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009). Here, given that the damage-related allegations in the Petition provide little in terms of quantifiable damages and are absent of a jury request, the fact that they are also absent of an Article 893 statement does not establish that the jurisdictional amount in controversy has been satisfied.

*Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982 at *2 (E.D. La. June 20, 2011). As in *Trahan*, Plaintiffs have not pleaded facts in the petition making it facially apparent that more than $75,000 is in controversy. The fact that Plaintiffs omitted a "general allegation" that $75,000 is *not* in controversy does not meet Defendant's burden show otherwise. Accordingly, jurisdiction is not facially apparent.

### C.      Summary-Judgment Type Evidence

The Court next turns to summary-judgment type evidence showing disputed facts relevant to the amount in controversy at the time of removal.  As the proponent of jurisdiction, Defendant has the burden of showing the amount in controversy by a preponderance of the evidence.

Defendant provides an affidavit of vehicle theft on a State Farm form signed by both Plaintiffs, attesting that the vehicle was leased, had a purchase price of $44,706.36, and had a balance due of $36,436.35.  Plaintiffs provide the lease agreement, confirming that the vehicle was leased, that its value at leasing was $44,706.36, and that the monthly payment was $721.26.  Thus, the $44,706.36 value of the vehicle does not appear to be a disputed fact.  Defendant has not provided a copy of the policy and so the Court cannot determine whether the precise measure of recovery under the terms of the policy would limit the recovery to something less than the original value of the vehicle.  However, Plaintiffs in their petition demand the full value of the vehicle, and so at least  $44,706.36 is in controversy, whether or not Plaintiffs can recover that amount at trial.

The Court must also consider potential attorneys' fees, penalties, and statutory damages for which an insurer could be liable.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Louisiana has two bad fath insurance statutes that allow recovery of these damages under certain circumstances.  *See* La. Rev. Stat. § 22:1973 (allowing recovery of penalties and damages for arbitrary and capricious insurer conduct); La. Rev. Stat. § 22:1892 (allowing recovery of penalties and attorneys' fees for arbitrary and capricious insurer conduct).  Plaintiffs may recover different elements of fees, penalties, and damages under different statutes.  *See Consolidated Companies, Inc. v. Lexington Ins. Co.*, 616 F.3d 422, 433-34 (5th Cir. 2010).

Plaintiffs demand the full value of the vehicle, or $44,706.36, and Defendant has paid no portion of that. Plaintiffs allege that they are entitled "to penalties and attorney fees due to defendant's arbitrary and capricious acts in failing to pay said benefits on a timely basis." Although conclusory, given that Defendant has not paid any amount of the claim the allegation puts the insurance bad faith statutes in play and the Court will consider those elements. The potential statutory penalty is the greater of fifty percent of the amount found to be due by the Defendant under § 22:1892(B)(1), or up to twice the actual damages sustained or $5,000, under § 1973(C). *See Calogero v. Safeway Ins. Co. of Am.*, 753 So. 2d 170, 174 (2000). Because Plaintiffs could recover the greater of the penalty recovery under either statute, at least half of the vehicle value, or an additional $22,353.18, is in controversy.

Thus, considering the potential amount owed under the policy and the potential penalty under § 1892(B)(1), Defendant has shown by a preponderance that at least $67,059.54 is in controversy. To defeat remand, Defendant must show that more than an additional $7,940.46 is in controversy. That amount can be found in Plaintiffs' claims for mental anguish damages and attorneys' fees. The Louisiana Supreme Court recently clarified that mental anguish damages are recoverable under the bad faith statutes. *See Wegener v. Lafayette Ins. Co.*, No. 10-C-0810, 2010-C-0811, at p. 14 (La. 3/15/2011); 60 So. 3d 1220, 1230. Attorneys' fees and costs are potentially available under § 1892(B)(1). Although the petition does not contain detailed factual allegations regarding the extent of any mental anguish and neither party has submitted summary-judgment-type evidence of mental anguish or attorneys' fees, it seems probable that if Plaintiffs recovered either or both category that the amount could reasonably exceed $7,940.46.

Accordingly, it is apparent by a preponderance that the amount in controversy exceeds $75,000.[1]

The burden therefore shifts to Plaintiffs to show that it is apparent to a legal certainty that their claim is for less than the jurisdictional amount. Plaintiffs submit a post-removal stipulation that the amount in controversy does not exceed $74,999.99 and attempt to waive their claim to damages in excess of that amount. "[A] plaintiff must affirmatively waive the right to accept a judgment in excess of the jurisdictional amount in order for his *pre-removal* state-court stipulations to bind him." *In re 1994 Exxon Chem. Fire*, 558 F.3d at 389 (emphasis added). After removal, although "affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883. Had Plaintiffs filed that stipulation in their state-court petition, the outcome would be different, as the Fifth Circuit has made clear on numerous occasions. *Ditcharo*, 376 F. App'x at 437; *Manguno*, 276 F.3d at 724; *De Aguilar*, 47 F.3d at 1412 & n.10.

## IV.    CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this  15th  day of  July , 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs also claim rental expenses they have incurred since the vehicle was stolen. The amount of those rental expenses have not been set forth in the petition or an affidavit. In their memorandum in support of the motion to remand, Plaintiffs assert that the rental expenses total $1,236. To the extent that the Court can consider that amount in the jurisdictional analysis, it increases the amount in controversy.